UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

MARSHA JEAN PUTILLION

      Plaintiff,

v.                         Civil Action No. 2:11-0476

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.

### MEMORANDUM OPINON AND ORDER

      This matter is before the court pursuant to Rule 72(b) of the Federal Rules of Civil Procedure on plaintiff's objection to the proposed Findings and Recommendation ("PF & R") of United States Magistrate Judge Mary E. Stanley, entered April 23, 2012.

I.

      Plaintiff Marsha Jean Putillion filed applications for disability insurance benefits and supplemental security income on February 10, 2009, alleging disability as of March 1, 2007, due to ankle problems, asthma, back problems, and carpel tunnel syndrome.  Her claims were denied initially, as well as upon their reconsideration.  Upon plaintiff's request, a hearing was held before an administrative law judge ("ALJ") on September 23, 2010.  By decision dated October 20, 2010, the ALJ determined that Putillion was not entitled to benefits.  The ALJ's decision

became the final decision of the Commissioner of the Social Security Administration on May 13, 2011, when the Appeals Council denied plaintiff's request for review.

On July 12, 2011, Putillion instituted this action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g).  The sole issue before the court is whether the final decision of the Commissioner denying plaintiff's claims for benefits is supported by substantial evidence.  See id.; Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996).  The magistrate judge, in her findings and recommendation, concluded that the ALJ's decision was supported by substantial evidence and recommended that the Commissioner's decision denying plaintiff benefits be affirmed.

Plaintiff's objection to the PF & R, filed May 10, 2012, reasserts an argument that was addressed in the PF & R by the magistrate judge who concluded that substantial evidence supports the ALJ's decision and that the new evidence offered by plaintiff to the Appeals Council does not provide a basis for changing the ALJ's decision.

2

II.

In reviewing the proposed findings and recommendation of a magistrate judge de novo, the court considers whether the magistrate judge effectively applied the substantial evidence standard.  Our court of appeals has observed the deference governing substantial evidence review, observing that such evidence is that:

> which a reasoning mind would accept as sufficient to support a particular conclusion.  It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance.  If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966) (emphasis added).  Once the court finds substantial evidence to support the decision, the inquiry ends.  Id.  "In reviewing for substantial evidence, [the court should] not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary."  Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996).  "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)."  Id. (quoting Walker v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987)).

3

III.

Having reviewed the record de novo, the court concludes that the ALJ appropriately characterized and weighed the evidence, and the magistrate judge accurately and fully evaluated the ALJ's decision.  Much of plaintiff's argument is mere factual recitation and reassertion of the same arguments made before the magistrate judge.

Plaintiff chiefly relies on evidence from Dr. Joe Jarrell, M.D., and Ms. Kathleen Lovin, a physicians' assistant.  Dr. Jarrell saw plaintiff only once, on May 20, 2009.  The record indicates that plaintiff was not taking her medications at that time due to the loss of her medical card and needed her thyroid replacement hormone, and that other than a tender thyroid, the physical examination was unremarkable.  (Tr. at 320-321).  Jarrell encouraged plaintiff to stop smoking and restart her medications.  (Id.).  Moreover, the additional opinion of Ms. Lovin, a non-physician, that plaintiff was disabled is not supported by the record as a whole —- or even in some significant respects by Lovin's own treatment notes, wherein it is noted on July 13, 2010, that plaintiff had no back or neck pain, muscle weakness or radicular pain -- as the magistrate judge aptly explains.  (PF & R at 11-16).

4

Plaintiff also submitted a Medical Assessment of Ability to do Work-Related Activities (Physical) from Ms. Lovin and Dr. Jarrell that was completed and dated on September 16, 2010, to the Appeals Council after the hearing before the ALJ on September 23, 2010, and shortly before the ALJ's decision was issued on October 20, 2010.[1]  In this evaluation, which is treated as new evidence before the Appeals Council, Jarrell and Lovin stated that plaintiff could frequently only lift five pounds per day, and that most of her body movements were quite limited.  (Tr. 454-57).  The magistrate judge correctly determined that the court must review the record as a whole, including the new evidence submitted to the Appeals Council, in order to determine whether the ALJ's decision is supported by substantial evidence.  See Wilkins v. Secretary, 953 F.2d 93, 96 (4th Cir. 1991).  Although plaintiff points to a few disparate facts that appear favorable to her, it is not the court's function to re-weigh the evidence.  Craig, 76 F.3d at 589. Rather, the court must consider only whether there is "more than

---

[1] See PF & R at 13-14.  Plaintiff explains that "[a]lthough the evidence was dated September 16, 2010, it was not received by the ALJ prior to the hearing date of September 23, 2010 for an unknown reason."  She further observes that the "evidence was not mentioned in the ALJ's decision, and it is therefore reasonable to assume that it was not taken into consideration when [the ALJ] made her decision."  (Pl.'s Brief in Support of Judgment on the Pleadings at 3-4).  The evidence was attached as an exhibit to plaintiff's Appeals Council brief.  (See id. at 4; Tr. 5).

a mere scintilla of evidence" to support the findings of the ALJ.  Laws, 368 F.2d at 642.  As is thoroughly discussed by the magistrate judge in her PF & R, including the reasons discussed above, the ALJ's decision is supported by substantial evidence.

IV.

For the foregoing reasons, and having reviewed the record de novo, the court adopts and incorporates herein the magistrate judge's proposed findings and recommendation in their entirety.

The court accordingly ORDERS as follows:

1. That judgment on the pleadings be, and it hereby is, granted to defendant; and

2. That the final decision of the Commissioner be, and it hereby is, affirmed.

The Clerk is directed to forward certified copies of this written opinion and order to all counsel of record and the United States Magistrate Judge.

ENTER: June 5, 2012

John T. Copenhaver, Jr.
United States District Judge

6